IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RICKY GIDDENS, | : |
| Petitioner, | : |
| | : **7 : 10-CR-28-001 (HL)** |
| VS. | : |
| | : 28 U.S.C. § 2255:  7 : 12-CV-90125 |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

## RECOMMENDATION

Petitioner=s Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on March 13, 2012, is before this Court for consideration as required by the Rules Governing Section 2255 Proceedings for the United States District Courts.  (Doc. 130).

The Petitioner was indicted in this Court on September 30, 2010, on charges of possession with the intent to distribute marijuana (Count One), possession with the intent to distribute cocaine base (Count Two), possession of a firearm in furtherance of a drug trafficking crime (Count Three), and possession of a firearm by a convicted felon (Count Four).  (Doc. 1).  On January 7, 2011, the Petitioner pled guilty to possession with intent to distribute marijuana and cocaine base, and the Government dismissed the remaining charges.  (Docs. 99, 100).  The plea agreement contains a waiver of Petitioner's right to appeal or collaterally challenge the conviction or sentence.  (Doc. 99, ¶(3)(G)).  Petitioner was sentenced on May 31, 2011 to a mandatory minimum, triggered by Petitioner's guilty plea to Count Two, of 60 months imprisonment followed by three (3) years of Supervised Release.  (Docs. 108, 111).

Petitioner filed a Notice of Appeal on June 7, 2011, apparently arguing that he should have

received the benefit of the safety valve provision of U.S.S.G. §5C1.2(a). (Doc. 113). Petitioner had also raised objections based on the safety valve provision in response to the Presentence Investigation Report (Doc. 106) and at the sentencing hearing (Doc. 119). The Government's Motion to Dismiss Petitioner's appeal as barred by Petitioner's appeal waiver was granted by the Eleventh Circuit on October 24, 2011. (Doc. 124). Petitioner's subsequently filed motions to reduce sentence were denied, based on a finding that the Petitioner had already received the benefit of the retroactive Guidelines amendments resulting from the Fair Sentencing Act of 2010. (Docs. 122, 123, 125, 126, 127).

*Claims challenging sentencing under the FSA*

In Grounds 1, 2, and 3 of his § 2255 Motion to Vacate, the Petitioner challenges his sentence as unconstitutional based on the applicability of the Fair Sentencing Act of 2010 to the mandatory minimum sentence imposed on Count Two of the indictment. The Fair Sentencing Act, which lowered the mandatory minimum sentences that applied to crack cocaine offenses, became effective on August 3, 2010. In subsequently filed motions seeking relief from his sentence, the Petitioner relies on *Dorsey v. United States*, 132 S.Ct. 2321 (2012), in which the Supreme Court held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." *Id.* at 2335.

The Respondent acknowledges that "had Giddens been sentenced after the Supreme Court issued its decision in *Dorsey*, he would have received the benefit of the new statutory mandatory minimums put in place by the Fair Sentencing Act." (Doc. 140, p. 9). However, the Respondent maintains that the Petitioner's claims challenging his sentence as improper under the Fair Sentencing Act are procedurally defaulted, as the challenges he raises in his § 2255 motion were available to him at sentencing but were not raised, and Petitioner had waived his right to appeal his

2

conviction and sentence.

Under the rule of procedural default, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). A petitioner can avoid a procedural bar by establishing one of two exceptions to the procedural default rule. "Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause . . . if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (internal citations omitted).

Petitioner did not raise his claims regarding the Fair Sentencing Act at sentencing, and offers no reasons as to why he could not have raised these issues. Although *Dorsey* had not yet been decided when the Petitioner was sentenced or when he filed his § 2255 Motion to Vacate, the Fair Sentencing Act was in place, and the Petitioner filed his § 2255 Motion relying on the Fair Sentencing Act for Grounds 1, 2, and 3. *See United States v. Coley*, 336 Fed.Appx. 933 (11th Cir. 2009) (although cases interpreting career offender status had not yet been issued, Petitioner could have raised issue of allegedly improper status determination on direct appeal). Additionally, the Petitioner did not raise Grounds 1, 2, or 3 on direct appeal. "Aside from the appeal waiver, nothing precluded [the Petitioner] from raising on direct appeal his challenge to the [alleged Fair Sentencing Act violations]". *United States v. Morton*, 2010 WL 1223893 at *4 (M.D.Fla. March 24, 2010).

Petitioner's waiver of the right to assert these claims on direct appeal pursuant to the appeal waiver provision of the plea agreement is not cause for excusing Petitioner's procedural

3

default.  *Garcia–Santos v. United States,* 273 F.3d 506, 508 (2d Cir.2001).  To show cause for procedural default, the Petitioner "must show that some objective factor external to the defense prevented [Petitioner] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the Petitioner's] own conduct."  *Lynn*, 365 F.3d at 1235.

As in *Lynn*, wherein the movant's escape from custody prevented him from raising his claims on appeal, the Petitioner's own actions herein in agreeing to an appeal waiver prevented him from raising his sentencing claims on appeal.  *Id.* at 1236-37.  "[B]ecause [Petitioner] chose to waive his appellate rights, he cannot establish that a factor external to the defense and not attributable to his own conduct precluded his obtaining appellate review, and he therefore is unable to establish adequate 'cause' to excuse his procedural default."  *Ware v. United States*, 2009 WL 2567023 at *8 (S.D.Fla. May 14, 2009); *see also United States v. Reed*, 2010 WL 1250679 at *3 (S.D.Ala. March 25, 2010) ("The only factor that arguably could have prevented the defendant from raising his claim on direct appeal was his own direct appeal waiver.  Since this waiver was attributable to his own conduct, this factor does not establish adequate 'cause' to excuse his procedural default."); *United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995); *United States v. Smith*, 113 F.Supp.2d 879, 898 (E.D.Va. 1999) ("the plea agreement does not bar application of the procedural default rule"; appeal waiver is not sufficient cause to overcome default).

Nor does the novelty of the issues raised regarding the application of the Fair Sentencing Act establish cause for the default. *United States v. Coley*, 336 Fed.Appx. 933 (11th Cir. 2009); *Morton*, 2010 WL 1223893 at * 3; *Waldrop v. Jones*, 77 F.3d 1308, 1315 (11th Cir. 1996) (rule is novel and therefore cause for procedural default "only if the petitioner did not have the legal tools to construct the claim before the rule was issued.").

Courts have long and consistently affirmed that a collateral

4

> challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal. Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal; and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.

*Lynn*, 365 F.3d at 1232 (internal citations omitted).

Petitioner has not established cause or prejudice for failing to raise these claims on direct appeal, and Petitioner does not maintain his actual innocence as a basis to establish a "complete miscarriage of justice" if his claims are not addressed herein. "[F]or purposes of the [miscarriage of justice or] actual innocence exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (internal citations omitted). Although Petitioner asserts that an error in his sentencing could be considered a "miscarriage of justice", this exception has not been extended to non-capital sentences, as opposed to convictions, by the Eleventh Circuit, and moreover, still requires a showing of factual as opposed to legal innocence of one of the prior convictions. *Id.; Rivers v. United States*, 476 Fed.Appx. 848, 850 (11th Cir. 2012). Petitioner has not established his factual innocence of any of the crimes for which he stands convicted.

Therefore, Petitioner is procedurally barred from raising Grounds 1, 2, and 3 in his § 2255 Motion, and he has failed to establish either cause and prejudice, or actual innocence to overcome the procedural bar.

### *Challenge to the indictment*

In Ground 4 of this § 2255 motion, the Petitioner alleges that his Fifth Amendment rights were violated when the Government indicted him on a felony charge instead of a misdemeanor

charge in regard to his possession of marijuana. (Doc. 130). As argued by the Respondent, the Petitioner has waived any challenge to the indictment by failing to object to the alleged defects in the indictment during the pendency of the criminal prosecution. *U.S. v. Seher*, 562 F.3d 1344, 1359 (11th Cir. 2009) ("Generally, a defendant must object before trial to defects in an indictment, and the failure to do so waives any alleged defects."). Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure provides, that "a motion alleging a defect in the indictment or information" must be raised before trial, "but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."

Moreover, the Court notes that by pleading guilty and not raising a challenge to the indictment prior to the entry of his guilty plea, the Petitioner "waived a challenge to the lawfulness of the indictment." *Smith v. U.S.*, 2011 WL 837747 at *7 (S.D.Fla. February 4, 2011). In general, a voluntary guilty plea waives all nonjurisdictional challenges to the constitutionality of the conviction that arose prior to the plea. *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984). Thus, this claim will not support the granting of relief herein.

*Conclusion*

Inasmuch as the Petitioner is procedurally barred from raising Grounds 1, 2, and 3 of this § 2255 Motion to Vacate, and Ground 4 of this Motion will not support the granting of habeas relief, it is the recommendation of the undersigned that this § 2255 motion be **DISMISSED** and, accordingly, that Petitioner's Motion for Immediate Release (Doc. 134) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28

U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 28th day of November, 2012.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE
